# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MJC EXPRESS INC., | ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff United Specialty Insurance Company, pursuant to 28 U.S.C. §§ 2201-2202, files this Complaint for Declaratory Judgment and, for its cause of action against Defendant MJC Express, Inc., states as follows:

### PARTIES

1. Plaintiff United Specialty Insurance Company ("USIC") is a corporation organized under the laws of the State of Texas with a principal place of business at 13403 Northwest Freeway, Houston, Texas 77040.

2. Defendant MJC Express Inc. ("MJC") is a corporation organized under the laws of the State of Florida with a principal place of business at 1821 SW 46th Avenue, Ft. Lauderdale, Florida 33317.

### JURISDICTION AND VENUE

3. This Court exercises subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and the matter in controversy exceeds $75,000.

4. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391, because the accident at issue, as described more fully below, occurred within this judicial district, and the underlying lawsuit is pending in this Court.

## FACTS

### Underlying Lawsuit Against Defendant MJC

5. On Kyesha Jackson, De'Ante Jackson, and Deborah Kindle, as Custodian and Next Friend of N.B., a minor, filed a wrongful death lawsuit against MJC, among other defendants, in this Court, which was styled *Kyesha Jackson, De'Ante Jackson, and Deborah Kindle, as Custodian and Next Friend of N.B., a minor, who are the Next of Kin and all children of Kathy D.Lena Black v. Eddy Ortiz, Ponce's Xpress, Inc., and MJC Express, Inc.*, Case No. 3:24-cv-00900 ("Underlying Lawsuit"). A copy of the Fourth Amended Complaint ("FAC"), which is the current operative complaint in the Underlying Lawsuit, is attached as Exhibit 1.

6. Plaintiffs in the Underlying Lawsuit allege in the FAC that, on June 13, 2024, Kathy D.Lena Black was driving west on Interstate 24 when she was struck by a tractor-trailer driven by Eddy Ortiz, forced off the road, and killed in the crash. (Ex. 1 at ¶ 10.)

7. Plaintiffs further allege that Eddy Ortiz was charged with criminally negligent homicide as a result of the crash. (*Id.* at ¶ 21.)

8. Plaintiffs allege that Ponce's Xpress, Inc., another defendant named in the Underlying Lawsuit, was an authorized interstate motor carrier, issued U.S. DOT number 2818466, and that the 2019 Freightliner tractor-trailer Mr. Ortiz was driving at the time of the crash was operating under U.S. DOT number 2818466. (*Id.* at ¶ 24.)

9. They further allege that MJC was an authorized interstate motor carrier, issued U.S. DOT number 2429682, and that MJC was the registered owner of the 2019 Freightliner tractor and 2019 Wabash semi-trailer Mr. Ortiz was driving at the time of the crash. (*Id.* at ¶ 25.)

10. Plaintiffs plead causes of action for negligent and/or reckless driving, negligence *per se*, vicarious liability of defendant carriers, negligent and/or reckless hiring and retention, and negligent and/or reckless supervision and training, in the FAC in the Underlying Lawsuit. (*Id.*, pp. 7-18)

11. Plaintiffs seek an unspecified amount of compensatory and punitive damages against all Defendants, including MJC, in the Underlying Lawsuit. (*Id.*, p. 19.)

**MJC's Insurance Policy**

12. USIC issued to MJC a commercial lines insurance policy, Policy Number KQK5657388, with effective dates of August 7, 2023 to August 7, 2024 (the "Policy"). The Business Auto Declarations of the Policy list MJC Express Inc. as the insured. A certified copy of the Policy is attached as Exhibit 2.

13. Four vehicles are listed on the original Schedule of Automobiles forming part of the Policy Declarations, including a 2019 Freightliner Tractor with VIN 3AKJHHFG7KSLM4729 ("Subject Vehicle"). (*See* Ex. 2, Schedule of Automobiles.)

14. Effective November 13, 2023, USIC issued Endorsement No. 1 to the Policy, which is a Change Endorsement affecting the Commercial Auto coverage part of the Policy. That Endorsement deleted the Subject Vehicle, among others, from the Policy's coverages, and Endorsement No. 1 reflects that MJC was due a return of premium in the total amount of $30,305. A copy of Endorsement No. 1 is attached at Exhibit 3.

15. USIC possesses a copy of a Notice of Sale and/or Bill of Sale for a Motor Vehicle, Mobile Home, Off-Highway Vehicle or Vessel showing that the Subject Vehicle was sold to PPP Transportation Express Inc. of Palm Springs, Florida on November 8, 2023 – five

4938-0998-7919v1
2972237-000001 06/26/2025

days prior to the date of Endorsement No. 1 deleting the Subject Vehicle. A true and accurate copy of the Notice of Sale in USIC's possession is attached as Exhibit 4.

16. USIC is currently providing a defense to MJC in the Underlying Lawsuit pursuant to a reservation of its rights under the Policy.

17. Because MJC sold the Subject Vehicle and subsequently caused it to be deleted from coverage under the Policy prior to the June 13, 2024 accident that is the subject of the Underlying Lawsuit, USIC contends it is not contractually required to provide insurance coverage to MJC for any damages awarded against it and is not contractually required to provide MJC with a defense to Plaintiffs' claims in the Underlying Lawsuit.

18. An actual and justiciable controversy exists between USIC and MJC concerning whether USIC is contractually obligated to defend and indemnify MJC in the Underlying Lawsuit, and USIC is entitled to a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 that it is not obligated to do so under the Policy.

WHEREFORE, USIC prays that the Court grant it the following relief:

1. Declare the respective rights and duties of USIC and MJC under the terms of the Policy attached as Exhibit 2;

2. Declare that USIC is not obligated to provide a defense to MJC in the Underlying Lawsuit due to the Subject Vehicle being sold by MJC and subsequently deleted from Policy coverages;

3. Declare that USIC is not obligated to indemnify MJC for any judgment, settlement, or other damages related to the Underlying Lawsuit due to the Subject Vehicle being sold by MJC and subsequently deleted from Policy coverages;

4. Tax discretionary costs to MJC; and

5. Grant USIC such other relief as it deems just and proper.

Dated this 26th day of June, 2025.

                Respectfully submitted,

                BAKER, DONELSON, BEARMAN,
                CALDWELL & BERKOWITZ, P.C.

                *s/ Brigid M. Carpenter*
                Brigid M. Carpenter (B.P.R. No. 18134)
                Chris Biller (B.P.R. No. 040230)
                1600 West End Avenue, Suite 2000
                Nashville, Tennessee 37203
                (615) 726-7341
                (615) 744-7341 (facsimile)
                bcarpenter@bakerdonelson.com

                *Attorneys for Plaintiff United Specialty Insurance Company*